# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**LUIS CACERES DARDANO and**
**KARLA CASTELAR DE**
**CACERES,**

Plaintiffs,

    vs.

**UNITED STATES CITIZENSHIP**
**AND IMMIGRATION SERVICES**

Defendant.

Case No.:

COMPLAINT

# **COMPLAINT**

1. This complaint is brought by plaintiffs, Luis Caceres Dardano and Karla Castelar De Caceres, against defendant, United States Citizenship and Immigration Services (USCIS), for judicial review under the Administrative Procedure Act of USCIS's decisions in File No. EAC1590772299, dated March 22, 2016, denying plaintiffs' applications to change their nonimmigrant status to "F-1" (foreign student) and "F-2" (spouse of a foreign student), respectively, as well as USCIS's decision in File No. EAC1690183171, dated December 15, 2016, denying the plaintiffs' motion to reopen and/or reconsider the USCIS's said decision in File No. EAC1590772299.

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

3. Plaintiffs Luis Caceres Dardano and Karla Castelar De Caceres are citizens and residents of El Salvador, temporarily present in the United States in New York County, New York.

4. The United States Citizenship and Immigration Services is an agency of the United States residing in the District of Columbia.

5. A substantial part of the events or omissions giving rise to the claim contained herein occurred within the judicial district for the Southern District of New York, that being the preparation and execution of the application for change of nonimmigrant status and motion to reconsider and reopen filed by the plaintiffs in this matter, the issuance of a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status", by ASA College to Luis Caceres Dardano, and ASA College's secret and unilateral change of the program start date on that form in its SEVISa database, resulting in the denials complained of herein.

6. Therefore venue is properly vested in this Court by 28 U.S.C. § 1391(e)(1)(B).

## COUNT I

7. 5 U.S.C. § 706 provides in relevant part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
...
- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
  - **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

8. On May 18, 2015, Luis Caceres Dardano was admitted to the United States until November 17, 2015 as a visitor for pleasure ("B-2").

9. On June 23, 2015, Karla Castelar De Caceres, Mr. Caceres Dardano's wife, was admitted to the United States until December 22, 2015 as a business visitor ("B-1").

10. On September 16, 2015 Mr. Caceres Dardano filed a Form I-539 with the USCIS requesting to change his nonimmigrant status to foreign student (F-1) pursuant to Section 248 of the Immigration and Nationality Act, 8 U.S.C. § 1258.

11. This application was supported in material part by a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status", issued by ASA College, indicating that Mr. Caceres Dardano had been admitted to study Computer Programming at that institution with a "program start date" of "13 October 2015".

12. Mrs. Castelar De Caceres also applied for a change of status to F-2 (wife of foreign student) on the same application.

13. On March 22, 2016 the USCIS issued a decision denying this application because Mr. Caceres Dardano's "B-2 nonimmigrant status expired on November 17, 2015. Review of your SEVIS record shows that your program start date is February 16, 2016, more than 30 days after your 'B' status expired. …. Therefore, you cannot maintain a valid

nonimmigrant status up to 30 days before the program start date and are not eligible for the requested change of status. As such, USCIS must deny this application."

14. The USCIS's decision of March 22, 2016 was not in accordance with law in that the law upon which it purports to be based does not in fact exist, and actually contradicts the real, applicable USCIS regulation.

15. The decision of March 22, 2016 is premised upon the assertion that an applicant for a change of nonimmigrant status must maintain a valid nonimmigrant status up to 30 days before the "program start date" reflected in his "SEVIS" record.

16. The USCIS does not provide any authority for this assertion, and no authority for it in fact exists.

17. In fact, as acknowledged by the decision itself, the truth is

"8 C.F.R. § 214.2(f)(5) states, in pertinent part:

(i) General ... An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on **Form I-20** ..." (emphasis supplied).

15. The record shows that Mr. Caceres Dardano's **Form I-20** contained a "program start date" of "13 October 2015".

16. Therefore Mr. Caceres Dardano, whose B-2 status did not expire until November 17, 2015, was in fact maintaining a valid

nonimmigrant status on the October 15, 2015 program start date of his **Form I-20**, and so was qualified to be granted a change of nonimmigrant status under the plain language of 8 C.F.R. § 214.2(f)(5)(i).

17. The USCIS's decision of March 22, 2016 denying Mr. Caceres Dardano's application for change of nonimmigrant status because he was not maintaining a lawful nonimmigrant status on February 16, 2016, the purported "program start date" in Mr. Caceres Dardano's "SEVIS record" is not in accordance with law because there is simply no requirement that an applicant for a change of nonimmigrant status be maintaining a lawful nonimmigrant status on the program start date contained in his "SEVIS record", and any such purported requirement is directly contrary to the plain language of 8 C.F.R. § 214.2(f)(5)(i).

18. The purpose of the regulations, like statutory provisions, is evidenced by the words chosen by the Attorney General (or, where applicable, the Secretary of Homeland Security). See *Matter of Artigas,* 23 I&N Dec. 99, 100 (BIA 2001). "This Board and the Immigration Judges 'must give effect to the unambiguously expressed intent' of the Attorney General." *Id.* (quoting *Chevron,*

*U.S.A., Inc.* v. *Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 (1984)).

19. 8 C.F.R. § 214.2(f)(5) is nothing if not unambiguous. It is the date on Mr. Caceres Dardano's Form I-20, and not in the SEVIS database, that dictates his program start date for determining whether he was maintaining status on that date and so eligible to change his nonimmigrant status.

20. Accordingly, the USCIS's decision of March 22, 2016 denying Mr. Caceres Dardano's change of nonimmigrant status to F-1 and his wife, Karla Castelar De Caceres's, change of nonimmigrant status to F-2, was not in accordance with law and should be held unlawful and set aside by this Court.

WHEREFORE the plaintiffs request that this Court find that the USCIS's decision in File No. EAC1590772299, dated March 22, 2016, to be unlawful, and set it aside, as not in accordance with law, and direct the USCIS to issue a new decision in accordance with its applicable regulations and other law.

## COUNT II

21. On April 21, 2016, the plaintiffs filed a motion to reopen and reconsider the USCIS's decision of March 22, 2016. In that motion the plaintiffs provided a statement from Rosalba Murillo-Alvardo, the Designated School Official of ASA

College, which had provided Mr. Caceres Dardano his previously mentioned Form I-20. In that statement, Ms. Murillo-Alvardo said in material part that:

> Please be informed that Mr. Luis Alberto Caceres Dardano was admitted as an undergraduate student in the Division of Computer Technology: Computer Programming and Information Technology on September 4, 2015. His Form I-20 was issued by ASA College former DSO, Ms. Martha Cepin, of September 4, 2015 and the student was initially scheduled to begin a full-course of study in the Fall 2015 semester starting on October 13, 2015. His B2 status expired on November 17, 2015 and his program start date was initially scheduled prior to the expiration date of his "B" nonimmigrant status. Nevertheless, his SEVIS Event History record shows that on October 28, 2015 to avoid automatic cancellation of his record, former ASA College DSO, Martha Cepin, deferred the program start date for Mr. Caceres Dardano to the next available semester scheduling him for the Spring 2016 semester, February 16, 2016.

22. The motion also contained an affidavit of Luis Caceres Dardano swearing as follows:

> 1. I am the applicant for a change of nonimmigrant status in File No. EAC1590772299.
> 2. I filed with my application a Form I-20 given to me by ASA College indicating that my program start date was October 13, 2015.
> 3. I had no idea that ASA College changed my program start date in its SEVIS system to February 16, 2016.
> 4. I was totally shocked and amazed when I read the USCIS's decision denying my application due to this program start date change.
> 5. I immediately contacted ASA College and eventually learned that this change had been made by the school of its own initiative and without informing me.
> 6. I have not violated my nonimmigrant status since entering the U.S. except by remaining in the U.S. after my form I-94 expired waiting for a decision on my application.
> 7. I have a permanent home with my family in El Salvador who continue to live there and where I intend to return after I complete my studies in the U.S.
> 8. I have not been served a "Notice to Appear" nor am I otherwise, to my knowledge, in removal proceedings.

9

23. In his Motion to Reopen the USCIS's decision of March 16, 2015 Mr. Caceres Dardano argued as follows:

> Alternatively, even if the applicant were deemed to have failed to maintain a valid nonimmigrant status to within 30 clays of his program start date, he would be out of status solely due to extraordinary circumstances beyond his control, and the delay would be commensurate with the circumstances, thereby qualifying him to be considered for a late change of status under 8 C.F.R. § 248.1 (b). Enclosed is a copy of a letter from the applicant's college in which it takes full responsibility for unilaterally changing the applicant's start date in SEVIS which caused the USCIS to conclude that he had failed to maintain status. Also enclosed is the beneficiary's affidavit swearing that he had no knowledge of the SEVIS change and which together with the evidence filed in support of the motion shows that he meets the other requirement of a discretionary late change of status under 8 C.F.R. § 248.1(b).

24. 8 C.F.R. § 248.1(b) provides that:

> Timely filing and maintenance of status. Except in the case of an alien applying to obtain V nonimmigrant status in the United States under § 214.15(f) of this chapter, a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of USCIS, and without separate application, where it is demonstrated at the time of filing that:
> - **(1)** The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances;
> - **(2)** The alien has not otherwise violated his or her nonimmigrant status;
> - **(3)** The alien remains a bona fide nonimmigrant; and
> - **(4)** The alien is not the subject of removal proceedings under 8 CFR part 240.

25. As Mr. Caceres Dardano pointed out in his Motion to Reopen, even if his program start date were determined by the SEVIS program, which the regulations nowhere provide it is, and not his Form I-20, as unambiguously provided in 8 C.F.R. § 214.2(f)(5)(i), nevertheless, the USCIS had the discretion under 8 C.F.R. §

248.1(b) to grant him a change of nonimmigrant status where he fulfilled the four (4) requirements of that subsection.

26. Mr. Caceres Dardano's affidavit demonstrated that he met all 4 prerequisites of a discretionary change of status even if he was not in status on his program start date.

27. In particular, Mr. Caceres Dardano's alleged failure to file a timely application, if it occurred at all, was due to extraordinary circumstances beyond his control in that it was entirely as a result of the ASA College's unilateral decision to change his program start date in SEVIS without notice to him, and after he had already applied for a change of nonimmigrant status.

28. Although Mr. Caceres Dardano could in fact have applied for an extension of his visitor's status, had he known that of ASA College's change of his program start date, since it failed to inform him of that change he had of course no reason to do so. Therefore, if he did have a duty to continue to maintain status until within 30 days of his SEVIS program start date, he was unable to do so due to circumstances beyond his control, namely his ignorance of the fact that his program start date had been changed.

29. That this ignorance of the purported change of his program start date is a circumstance beyond Mr. Caceres Dardano's control is reinforced by the fact that USCIS also did not inform him of this purported change of his program start date, even though it was under an express regulatory duty to do so.

30. 8 C.F.R. § 103.2(b)(16)(i) provides in material part that:

> Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs.
> - **(i)** Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

31. To the extent that it is material at all to these proceedings, ASA College's change of Mr. Caceres Dardano's SEVIS program start date was derogatory information unknown to him. Inasmuch as § 103.2(b)(16)(i) expressly provides that "(i)f the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered", therefore USCIS directly violated its own regulation by not notifying Mr. Caceres Dardano of this purported change of his program start date, thereby rendering his ignorance thereof "extraordinary circumstances beyond his control". 1

---

1 Plaintiffs assume for the purpose of this complaint that the USCIS's failure to comply with its own regulations are "extraordinary circumstances." They certainly would not wish to assume that the USCIS ordinarily fails to comply with its own rules. Further, USCIS's failure to do so is surely beyond the plaintiffs' control.

32. On December 15, 2016 the USCIS issued a decision denying the plaintiffs' motion to reconsider and/or reopen its decision of March 22, 2016.

33. The sum total of the USCIS's relevant response to the plaintiffs' motion to reopen was "(t)he evidence that you submitted on motion does not refute the above-mentioned facts and presents no new facts that support a conclusion other than the one already reached by USCIS in this matter."

34. This conclusory discussion demonstrates that the USCIS failed to consider exercising its discretion to grant the plaintiffs a change of status despite its claim that Mr. Caceres Dardano's status expired before his SEVIS program start date. This failure constitutes an abuse of that discretion.

35. Accordingly, if despite the facts and law set forth in Count I of this complaint, this Court holds that the plaintiffs had a duty to maintain a lawful nonimmigrant status until the program start date set forth in SEVIS, as changed after their application for change of nonimmigrant status was filed, which they did not learn of until after that new program start date, then this Court should remand this matter to USCIS to consider, in its discretion, plaintiffs' request that they be granted a change of status to F-1 and F-2, respectively, despite their failure to maintain status until the SEVIS program start date. *Youseffi v. Renaud*, 794 F. Supp. 2d 585, 594 (D. Md. 2011) ("it is apparent from the language and structure of section 248.1(b) that the Secretary of Homeland Security has discretion, in appropriate cases, to excuse change-of-status applicants who file while their prior

status is valid, but subsequently fall out of status. Because this Court only has the authority to address the agency's regulatory interpretations relating to eligibility, the case will be remanded to the USCIS for further proceedings consistent with the eligibility principles articulated in this opinion.").

WHEREFORE the plaintiffs request that in the event that this Court does not grant it the relief sought in Count I of this complaint, that it find that the USCIS's decision in File No. EAC1690183171, denying their motion to reconsider and/or reopen its decision File No. EAC1590772299, dated March 22, 2016, to be unlawful, and set it aside, as an abuse of discretion, and remand this matter back to the USCIS for further proceedings consistent with the eligibility principles articulated in Count II of this complaint and by the court in *Youseffi v. Renaud*.

Respectfully submitted, this    day of January,  2017

/s/ *Michael E. Piston*
Michael E. Piston
MI 002
Attorney at Law
225 Broadway,
Suite 307
New York, NY, 10007
Ph: 646-845-9895

Fax: 206-770-6350
Email: michaelpiston4@gmail.com